UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:03-cr-334-T-23MAP
           8:07-cv-414-T-23MAP

EUGENE TIMOTHY ALLUMS
_____/

**O R D E R**

Allums moves to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his conviction for three counts of attempted murder, for which offenses he is serving a total of thirty years. The motion to vacate sentence is untimely.

A motion to vacate must be reviewed prior to service on the United States. See Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255. See also United States v. Deal, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of a Section 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Allums had one year from the finality of his conviction to file his motion to vacate sentence. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. The circuit court's judgment was entered on July 27, 2005, (Doc. 63 in 8:03-cr-334-T-23MAP) affirming Allums' conviction and sentence. For purposes of calculating the one-year statute of limitation, the conviction was final on October 25, 2005, which includes the ninety days allowed for filing a petition for the writ of certiorari. See Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original). Consequently, Allums' limitation deadline was one year later in October, 2006.

Allums dated his motion to vacate sentence February 21, 2007. This date is considered the date of filing. See Houston v. Lack, 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for

forwarding to the court clerk."), and Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing). The motion was filed more than three months too late even with the benefit of the "mailbox rule."

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Allums and close this action.

ORDERED in Tampa, Florida, on March 14, 2007.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE